UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 19-24895-GRAHAM/MCALILEY

TATYANA MESHCHANINOVA,

           Plaintiff,

vs.

ANDREW SAUL, COMMISSIONER
of SOCIAL SECURITY,

           Defendant.

_____/

## REPORT AND RECOMMENDATION

Pending before the Court is Plaintiff's Motion for Summary Judgment (ECF No. 33), and Defendant's Motion for Summary Judgment. (ECF No. 34). This matter is fully briefed, and the Honorable Donald L. Graham referred it to me for a report and recommendation. (ECF Nos. 2, 36). For the reasons set forth below, I respectfully recommended that Plaintiff's Motion for Summary Judgment be denied, and Defendant's Motion for Summary Judgment be granted.

### I.    Overview

Plaintiff filed for disability insurance benefits and supplemental social security income in March 2011, and was found disabled beginning on February 28, 2011, because her impairments of liver failure and cirrhosis of the liver met or equaled an impairment listed in the Listing of Impairments, 20 CFR Part 404, Subpart P, Appendix 1. Tr. 421,

494-502.[1] The Commissioner conducted a Continuing Disability Review in 2016 and found that Plaintiff was no longer disabled as of June 8, 2016, resulting in the cessation of her benefits, because the severity of Plaintiff's impairments had improved. Tr. 390-96. Plaintiff was 22 years old at the time. Tr. 45. Plaintiff moved for reconsideration of that determination, which a disability hearing officer denied in February 2017. Tr. 419-26. Plaintiff requested a hearing before an Administrative Law Judge to challenge the cessation of her benefits, and that hearing took place in July 2018. Tr. 357-79, 428-31. Plaintiff represented herself at the hearing, although she was repeatedly advised of her right to have an attorney or representative appear on her behalf. Tr. 357-9, 433, 436-41, 448, 452-5, 475-6, 491.

Plaintiff testified at the hearing, as did a vocational expert. Plaintiff testified that a liver transplant, right hip replacement and left knee replacement limited her ability to work. Tr. 364. When asked about the current state of those medical conditions, Plaintiff testified that her liver "is okay right now," as is her left knee, but that her hip has dislocated 14 times and her orthopedist advised that another surgery will be necessary if her hip continues to dislocate. Tr. 368-9. Plaintiff further testified that her daily activities include feeding her pets, attending school either online or in person, doing her homework and walking her dog.[2] Tr. 370-1. Plaintiff obtained a bachelor's degree in Psychology and had no relevant

---

[1] Citations to the transcript of proceedings before the Social Security Administration, filed at ECF No. 25, are to "Tr. [#]."

[2] Prior to the hearing, Plaintiff completed a Continuing Disability Review Report in March 2016 wherein she stated that she also exercises for an hour daily, participates in outdoor activities three or four times a week, and goes to a gun range once a month. Tr. 525.

work history. Tr. 364-5

On November 9, 2018, the ALJ issued a written decision in which he found that Plaintiff was no longer disabled as of June 8, 2016 and had not become disabled after that date. Tr. 40-51. Plaintiff requested that the Appeals Council review the ALJ's decision and submitted additional medical documentation that Plaintiff contends establishes that the ALJ's decision is contrary to the weight of the evidence. Tr. 2, 493. The Appeals Council denied Plaintiff's request for review of the ALJ's decision and, with respect to the additional evidence Plaintiff submitted, specifically found that such evidence "does not show a reasonable probability that it would change the outcome of the decision." Tr. 1-3. The ALJ's decision is thus the final decision of the Commissioner. Tr. 1. Plaintiff now asks that this Court reverse and remand for the award of benefits, or alternatively, for the ALJ to reconsider the record and his conclusions. (ECF No. 33 at 22).

## II.   Proceedings Before the Commission

### A.   The ALJ's Decision

In his decision, the ALJ found first that Plaintiff had the medically determinable impairments of lupus and chronic liver disease (cirrhosis) at the time of the initial disability determination in 2011. Tr. 41. He next found that since June 8, 2016, Plaintiff had the medically determinable impairments of left knee osteonecrosis, status post left total knee arthroplasty, autoimmune hepatitis, status post liver transplant and status post right total hip arthroplasty (the "Current Impairments"), none of which met or medically equaled the criteria of any impairment identified in the Listing of Impairments. Tr. 41-42. The ALJ further found that medical improvement occurred on June 8, 2016 because the medical

severity of Plaintiff's impairments at the time of the initial disability determination had decreased, and Plaintiff's medical improvement related to the ability to work. Tr. 42.

Next, the ALJ found that the Current Impairments are severe. Tr. 42-3. Based on the Current Impairments, the ALJ determined that since June 8, 2016, Plaintiff has the residual functional capacity (RFC) to perform sedentary work as defined in 20 CFR 416.969(a), except that Plaintiff (i) is limited to occasional crouching, stooping, balancing, kneeling, crawling, pushing, pulling and operating foot controls with the lower extremities, (ii) cannot climb ladders or scaffolds and (iii) must avoid work environments with crowds, extreme temperatures, wetness, humidity, noise, fumes, dusts, odors, gases, poor ventilation and other pulmonary irritants, as well as work environments with hazards, such as unprotected heights, machines with moving mechanical parts and driving employer vehicles. Tr. 43. The ALJ further found that Plaintiff will be off task 5% of the day in order to alternate between sitting and standing and/or because of attention or concentration lapses. *Id*.  Based on the testimony of a vocational expert, and in light of Plaintiff's age, education and RFC, the ALJ concluded that, since June 8, 2016,  Plaintiff was not disabled because there are other jobs that exist in significant numbers in the national economy that Plaintiff is capable of performing. Tr. 46.

### B.    Administrative records

The Court has thoroughly reviewed the entire record in this action, which includes Plaintiff's medical records and the transcript of the hearing before the ALJ. I will reference the administrative record as it is relevant to the issues addressed below.

### III.    Analysis

An ALJ must follow the seven-step sequential process set forth in 20 C.F.R. § 416.994(b)(5) to determine whether an individual continues to be disabled:

1.    Does the claimant have an impairment or combination of impairments which meets or equals the severity of an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1? If so, the claimant's disability continues. If not, proceed to the second step.

2.    Has there been medical improvement in the claimant's impairment(s)? Medical improvement is any decrease in the medical severity of the claimant's impairment(s) based on improvement in the symptoms, signs or laboratory findings associated with the claimant's impairment(s). 20 C.F.R. § 416.994(b)(1)(i). If medical improvement has occurred, proceed to the third step. If not, proceed to the fourth step;

3.    Is the medical improvement related to the claimant's ability to work? Medical improvement is related to the ability to work if there has been a decrease in the severity of the claimant's impairment(s) and an increase in the claimant's RFC. 20 C.F.R. § 416.994(b)(1)(iii). Where, as here, a prior RFC was not made because the claimant's impairment(s) met or equaled the severity of a listed impairment, then medical improvement will be related to the claimant's ability to work if medical improvement occurred and the severity of the prior impairment(s) no longer meets or equals the same listed impairment(s). 20 C.F.R. § 416.994(b)(2)(iv)(A). If medical improvement is related to the ability to work, proceed to the fifth step. If not, proceed the fourth step.

4.    Does an exception to medical improvement apply? These exceptions are set forth in 20 C.F.R. § 416.994(b)(3) and (b)(4). Plaintiff does not argue that any of these exceptions apply and, thus, I do not address them here.

5.    Are the claimant's current impairments, considered in combination, severe? If so, proceed to the sixth step. Here, the ALJ found that Plaintiff's Current Impairments are severe.

6.    What is the claimant's RFC based upon her current impairments and, considering that RFC, can the claimant perform her past relevant work? Where, as here, the claimant has no past relevant work, the ALJ must proceed to the seventh step.

7.    Based upon the claimant's age, education and RFC, can the claimant perform other work found in significant numbers in the national economy? If so, the claimant's disability has ended. If not, the claimant's disability continues.

Here, Plaintiff challenges only the last two steps in this process. Plaintiff argues that the RFC is not supported by substantial evidence because the ALJ did not: (i) fully and fairly develop the record, (ii) properly weigh the opinion evidence and (iii) properly assess Plaintiff's alleged symptoms and limitations. (ECF No. 33 at 16-21). Plaintiff also argues that the ALJ erroneously concluded that Plaintiff can perform other work because the ALJ posited a flawed hypothetical for the vocational expert that did not include "all of the functional limitations that would reasonably be supported by the record." (*Id*. at 19). Finally, Plaintiff argues that the Appeals Council abused its discretion in failing to find the additional evidence she presented was "new and material." (*Id*. at 7-16).

## A.   <u>Standard of Review</u>

The Court has two tasks when it reviews an ALJ's decision: it must determine whether the ALJ applied the correct legal standard, and whether substantial evidence in the record supports the ALJ's factual findings. *Powers v. Heckler*, 738 F.2d 1151, 1152 (11th Cir. 1984). Regarding the latter, the measure of substantial evidence is "more than a scintilla, but less than a preponderance. It is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Phillips v. Barnhart,* 357 F.3d 1232, 1240 n.8 (11th Cir. 2004) (citation omitted). This standard does not permit a reviewing court to consider only those parts of the record that support the ALJ; the court must view the entire record and consider evidence which detracts from the evidence relied on by the ALJ. *Mackie v. Astrue*, No. 1:07-cv-00098-MP-WCS, 2008 WL 719210, at * 1 (N.D. Fla. Mar. 11, 2008). The standard is, in effect, a presumption in favor of the ALJ's findings of fact. This is because, so long as the ALJ's decision is supported by substantial evidence,

the court must affirm, "even if the court finds that the proof preponderates against the decision." *Perez v. Comm'r of Soc. Sec.*, No. 6:06-CV-1648-ORL-19KRS, 2008 WL 191036, at *5 (M.D. Fla. Jan. 22, 2008).

In contrast, the Court does not apply a presumption in favor of the ALJ's legal conclusions. The Court must reverse if the ALJ incorrectly applied the law, or if the ALJ's decision does not provide sufficient reasoning so that the Court can determine whether the ALJ properly applied the law. *Id.*

At the conclusion of its review, the Court has the authority to enter a judgment affirming, modifying, or reversing the decision of the ALJ, with or without remand. *Perez*, 2008 WL 191036, at *5; 42 U.S.C. § 405(g).

### B.   The RFC is Supported by Substantial Evidence

The RFC is the ALJ's assessment, based on all relevant evidence, of a claimant's ability to work despite her impairments. *Lewis v. Callahan*, 125 F.3d 1436, 1440 (11th Cir. 1997). It is the most the claimant can do despite her limitations. 20 C.F.R. § 404.1545(a)(1). The focus of the RFC is on doctors' evaluations of the claimant's condition and its medical consequences. *Tillman v. Comm. of Soc. Sec.,* Case No. 6:12-cv-969-Orl-22DAB, 2013 WL 4014979, *3 (Aug. 6, 2013 M.D. Fla). Plaintiff contends that the RFC is flawed because (i) the ALJ failed to fully and fairly develop the record, (ii) the ALJ failed to weigh the opinion evidence and (iii) the medical evidence, particularly the additional evidence that Plaintiff submitted after the hearing, does not support the RFC.

1.     <u>The ALJ Did Not Fail to Develop the Record</u>

Plaintiff argues that the ALJ failed to fairly and fully develop the administrative record for two reasons: (i) the ALJ allegedly did not inform Plaintiff of her right to cross-exam the vocational expert and (ii) the ALJ did not account for Plaintiff's right knee impairment when questioning the vocational expert. (ECF No. 33 at 16-18).

An ALJ "has a basic obligation to develop a full and fair record." *Graham v. Apfel*, 129 F.3d 1420, 1422 (11th Cir. 1997). Plaintiff asserts that this obligation "rises to a special duty when an unrepresented claimant unfamiliar with hearing procedures appears before him." (ECF No. 36 at 4) (citation omitted). What Plaintiff does not acknowledge, however, is that "where counsel has been waived, the special duty to develop the record does not take effect." *Robinson v. Astrue*, 235 Fed. App'x 725, 727 (11th Cir. 2007). Here, Plaintiff was repeatedly advised of her right to counsel, Tr. 433, 436-41, 448, 452-5, 475-6, and she waived that right, both verbally at the hearing and in writing. Tr. 357-9, 491. Because Plaintiff waived counsel, the ALJ did not have a special duty to develop the record. *Robinson*, 235 Fed. App'x at 727.

Plaintiff's arguments also fail on the merits. The ALJ specifically asked Plaintiff "do you have any questions for the vocational expert or for me before I close the hearing today," and Plaintiff responded "No." Tr. 376. Plaintiff offers no legal authority that requires the ALJ to have done more. With respect to the vocational expert, Plaintiff did not submit any medical evidence to the ALJ that mentions an impairment of her right knee. The first medical record that refers to Plaintiff's right knee is dated <u>after</u> the hearing, and reflects that Plaintiff informed her physician that her right knee pain "is manageable[,]

8

waxes and wanes [and] is still not interfering with her quality of life or activities of daily living."[3] Tr. 19.

Importantly, when the ALJ specifically asked Plaintiff "what do you consider to be the severe medical impairments that prevent you from being able to work," Plaintiff did not mention her right knee. Tr. 364. The ALJ then made sure that he captured all of her alleged impairments: Q: "Any other conditions or is that what you believe to be the limit, I mean I want to be sure we got everything?" A: "That's the limit." Tr. 364.

The ALJ cannot be faulted for failing to include limitations caused by Plaintiff's right knee when he was not presented any such medical evidence.[4] Specifically, an ALJ is not required to include in the hypothetical question for the vocational expert limitations that are not supported by the claimant's record. *See  Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1161 (11th Cir. 2004) ("[T]he ALJ was not required to include findings in the hypothetical that the ALJ had properly rejected as unsupported."). And, as explained below, the ALJ's decision is supported by substantial evidence even when Plaintiff's alleged right knee impairment is considered.

---

[3] As discussed *infra,* this evidence about Plaintiff's right knee does not lead to the conclusion that the ALJ's decision is unsupported by substantial evidence, as Plaintiff argues.

[4] Plaintiff mentions her right knee only once during her hearing testimony. When asked about the status of her left knee replacement, Plaintiff testifies that "so far it's okay but they're probably looking at doing the right knee because that one's starting to get a little shaky." Plaintiff's characterization is not consistent with the medical evidence, including the additional evidence she submitted to the Appeals Council. None of that evidence mentions the possibility of replacing Plaintiff's right knee. To the contrary, the last medical record involving Plaintiff's right knee is dated January 18, 2019, and therein her physician states that Plaintiff's "symptoms are not significant enough to proceed with surgical intervention." Tr. 33.

For these reasons, I conclude that the ALJ did not fail to fully and fairly develop the record.

### 2.   The ALJ Did Not Fail to Properly Assess Opinion Evidence

"An ALJ must consider the different medical opinions found in the record in assessing the claimant's RFC." *Hantzis v. Comm'r of Soc. Sec.*, 686 Fed. App'x 634, 636 (11th Cir. 2017). The relevant regulations define medical opinions as "statements from physicians…that reflect judgments about the nature and severity of [a claimant's] impairment(s), including [a claimant's] symptoms, diagnosis and prognosis, what [a claimant] can still do despite impairment(s), and [a claimant's] physical or mental restrictions." 20 C.F.R. 404.1527(a)(2).

Plaintiff argues that the ALJ "failed to articulate the weight he accorded any of the treating source opinions, especially those of Dr. Vilella-Hernandez, [Plaintiff's] long-term treating orthopedist." (ECF No. 33 at 18). Plaintiff makes this argument in a conclusory manner, without any analysis or citation to the record. Indeed, Plaintiff does not specifically identify the opinions that the ALJ allegedly failed to weigh. In her Reply, Plaintiff refers to two opinions of Dr. Vilella-Hernandez, both dated <u>after</u> the ALJ's decision. (ECF No. 36 at 6). The ALJ clearly could not weigh opinions that did not exist at the time of his decision. And, as explained below, the RFC is supported by substantial evidence even considering these two opinions. Plaintiff has not shown that the ALJ failed to weigh a medical opinion found in the record and, thus, I conclude that the ALJ properly assessed the opinion evidence before him.

### 3. The RFC is Supported by Substantial Evidence

In determining whether the RFC is supported by substantial evidence, the Court must consider the medical evidence submitted to the ALJ, as well as the additional evidence that Plaintiff submitted after the hearing. This is because Plaintiff also challenges the Appeals Council's decision to decline to review the decision of the ALJ. *Ingram v. Comm'r of Soc. Sec.*, 496 F.3d 1253, 166-67 (11th Cir. 2007) (where claimant challenges both the decision of the administrative law judge to deny benefits and the decision of the Appeals Council to deny review, courts consider evidence presented to both the ALJ and the Appeals Council to determine whether denial of benefits is supported by substantial evidence).

The ALJ found that Plaintiff suffers from the severe impairments of (i) left knee osteonecrosis, (ii) status post left total knee arthroplasty, (iii) autoimmune hepatitis, (iv) status post liver transplant and (v) status post right total hip arthroplasty. Tr. 43. The ALJ further found that, since June 8, 2016, Plaintiff has the RFC to perform a limited range of sedentary work. In particular, the ALJ found that Plaintiff could perform sedentary work as defined in 20 CFR 416.969(a), except that she (i) is limited to occasional crouching, stooping, balancing, kneeling, crawling, pushing, pulling and operating foot controls with the lower extremities, (ii) cannot climb ladders or scaffolds and (iii) must avoid work environments with crowds, extreme temperatures, wetness, humidity, noise, fumes, dusts, odors, gases, poor ventilation and other pulmonary irritants, as well as work environments with hazards, such as unprotected heights, machines with moving mechanical parts and driving employer vehicles. Tr. 43. The ALJ also found that Plaintiff will be off task 5% of

the day in order to alternate between sitting and standing and/or because of attention or concentration lapses. *Id.*

"[T]he claimant bears the burden of showing that the [RFC] determination is not supported by substantial evidence." *Zagofsky v. Berryhill*, No. 16-81724, 2018 WL 1470835, at *2 (S.D. Fla. Feb. 15, 2018) (citations omitted). Plaintiff fails to provide *any* analysis of how the medical evidence is inconsistent with the RFC. After setting forth the relevant law, Plaintiff devotes one conclusory paragraph to the issue, devoid of any citations to the record. (ECF No. 33 at 19).[5] Elsewhere in her Motion, Plaintiff recites the additional medical evidence that she submitted after the hearing, (*id.* at 9-16) but does not explain how it undermines the RFC. (*Id.* at 16). She merely asserts that "the Appeals Council abused its discretion" in concluding that the additional evidence "does not show a reasonable probability that the it would change the outcome of the [ALJ's] decision." (*Id.*). Plaintiff's rote recitation of medical evidence followed by conclusory assertions are utterly unhelpful and do not satisfy Plaintiff's burden.

The Court nonetheless has carefully reviewed all of the medical evidence and concludes that substantial evidence supports the RFC. With respect to Plaintiff's liver, her treating physician completed a Liver Disease Impairment Questionnaire in which he found that Plaintiff "has no hepatic decompensation" and "no limitations (work related) at this time from [a] liver standpoint." Tr. 10, 13 (emphasis in original). With respect to Plaintiff's left knee, following her knee replacement, x-rays consistently reflected "a well fit, well

---

[5] Plaintiff repeats this paragraph verbatim in her Reply. (ECF No. 36 at 7).

placed left total knee arthroplasty without evidence of subsidence, loosening, or fracture." Tr. 14, 19, 24, 32, 35. The same is true for Plaintiff's right hip, following her hip replacement surgery. Tr. 14. Indeed, her orthopedist stated in February 2018 that Plaintiff is "[d]oing very well both radiographically, surgically, and functionally with both surgeries." Tr. 15.

On December 4, 2018, Plaintiff's orthopedist, Dr. Fernando E. Vilella-Hernandez, completed a Lower Extremities Impairment Questionnaire based upon Plaintiff's left knee and right hip. Tr. 63-68. He found that Plaintiff could "ambulate effectively" without use of a cane or other assistive device. Tr. 65. He further found that Plaintiff could perform a job in a seated position for 6+ hours in an 8-hour workday and could perform a job standing and/or walking for 4 hours in an 8-hour workday. *Id*. Dr. Vilella-Hernandez also opined that it was *not* medically necessary for Plaintiff to avoid continuous sitting in an 8-hour workday or to elevate her legs while sitting. Tr. 66. This evidence is consistent with the ALJ's finding that Plaintiff can perform sedentary work. *See Siverio v. Comm'r of Soc. Sec.*, 461 Fed. App'x 869, 872 (11th Cir. 2012) ("sedentary work generally requires being able to sit for approximately six hours total in an eight-hour workday.") (citations omitted). Dr. Vilella-Hernandez did indicate that Plaintiff's pain would occasionally be severe enough to interfere with attention and concentration. Tr. 67. However, one month later, in January 2019, Plaintiff informed Dr. Vilella-Hernandez that her left knee pain "has significantly improved," that she "is not doing physical therapy anymore" and "is not ambulating with any support." Tr. 33.

Rather than explain how this evidence undermines the RFC (it does not), Plaintiff focuses primarily on alleged limitations caused by her right knee. (ECF Nos. 33 at 16; 36 at 2-4, 6). The first reference to Plaintiff's right knee in the medical records occurred on October 5, 2018, several months after the hearing and one month before the ALJ issued his decision. An x-ray of Plaintiff's right knee reflected "lateral femoral osteonecrosis with collapse of the joint and degenerative changes." Tr. 19. However, Plaintiff informed Dr. Vilella-Hernandez that her right knee pain "is manageable[,] [i]t waxes and wanes [and] the pain is still not interfering with her quality of life or activities of daily living." Tr. 18. Dr. Vilella-Hernandez's assessment states that "[t]he right knee demonstrates osteonecrosis of the lateral femoral condyle with degenerative changes. However, at this time, her symptoms are not significant enough to warrant arthroplasty surgery." Tr. 19.

The next medical record that references Plaintiff's right knee is dated January 18, 2019. An x-ray reflected that her right knee "continues to demonstrate a lesion to the lateral femoral component with some collapse and arthritic changes." Tr. 32. Plaintiff complained "more of buckling and instability of the [right] knee," but again reported that the pain "is minimal" and "she does not feel that her symptoms are significant enough to consider surgery at this time." Tr. 33. A physical examination revealed "no tenderness," and the medical provider concluded that Plaintiff's "symptoms are not significant enough to proceed with any surgical intervention." *Id.*

There are no other diagnostic records regarding Plaintiff's right knee in the record. On March 20, 2019, Dr. Vilella-Hernandez completed an Arthritis Impairment Questionnaire based upon Plaintiff's right hip and right knee. Tr. 69-75. It again states that

14

Plaintiff can perform work in a seated position 6+ hours in an 8-hour workday but, unlike the earlier Questionnaire completed in December 2018, reduces the length of time that she can perform a job standing and/or walking to two (instead of four) hours. Tr. 73. Also, unlike the December 2018 Questionnaire, it reflects that it *is* medically necessary for Plaintiff to avoid continuous sitting in an eight-hour workday and that she must elevate her legs frequently. *Id.* This directly contradicts the December 2018 Questionnaire, and Dr. Vilella-Hernandez provides no explanation for his reversal, nor does he reference any supporting medical documentation. Dr. Vilella-Hernandez also states that Plaintiff will be absent from work two-to-three times per month but, again, provides no reason for his conclusion. Tr. 75.

It is not self-evident that the Arthritis Impairment Questionnaire is inconsistent with the RFC. Plaintiff complains that the RFC "called for standing and/or walking for up to two hours in an eight-hour workday," (ECF No. 36 at 6), but the Arthritis Questionnaire states that Plaintiff can do just that.[6] Tr. 73. The Arthritis Questionnaire also reflects that Plaintiff can "ambulate effectively" without use of a cane or other assistive device. Tr. 72. I recognize that the Arthritis Questionnaire states that Plaintiff must avoid continuous sitting and elevate her legs frequently and is likely to be absent from work one-to-three times per month. Tr. 73, 75. The problem is that there is no medical evidence in the record

---

[6] Plaintiff also argues that her right knee impairment is inconsistent with the RFC, which "call[s] for… crouching, stooping, balancing, kneeling, crawling, climbing ramps and stairs, and operating foot controls with the lower extremities for 2.67 hours out of an eight-hour workday." However, the December 2018 Questionnaire does not support this assertion, *see* Tr. 66, and the Arthritis Questionnaire does not express an opinion on Plaintiff's ability to perform these activities.

which supports these conclusions. I note that Dr. Vilella-Hernandez reached the opposite conclusion only three months earlier, in December 2018, yet the only medical documentation after that time, on this subject, reflects that Plaintiff's right knee pain was "minimal" and "not significant enough" to require surgery. Tr. 33.

An ALJ is required to give medical opinions of treating physicians "substantial or considerable weight" absent good cause. *Lewis*, 125 F.3d at 1440. Good cause is found when the: (1) treating physician's opinion was not bolstered by the evidence; (2) evidence supported a contrary finding; or (3) treating physician's opinion was conclusory or inconsistent with the doctor's own medical records. *Id*. Mindful that the Arthritis Impairment Questionnaire was created after the ALJ made his decision, the Court must ask if there is a reasonable probability that the Questionnaire would change the ALJ's conclusion. The answer is no. This is because there is good cause to assign it less than substantial or considerable weight.

Specifically, Dr. Vilella-Hernandez did not identify any clinical findings that support his opinions regarding Plaintiff's inability to sit continuously, elevate her legs and be absent from work. The Questionnaire is inconsistent with the medical records regarding Plaintiff's right knee. It also contradicts, without explanation, Dr. Vilella-Hernandez's opinions in his December 2018 questionnaire. "[W]hile the [Arthritis] questionnaire *might have* supported [Plaintiff's] claim, she has not shown a reasonable probability that it *would have* changed the ALJ's decision." *Raices v. Comm'r of Soc. Sec.*, 805 Fed. App'x 836, 837 (11th Cir. 2020).

Taken as whole, there is substantial evidence to support the RFC. Plaintiff does not explain how the foregoing evidence demonstrates that she is unable to perform a limited range of sedentary work as the ALJ found, nor has she shown a reasonable probability that the evidence she submitted after the ALJ's decision would have changed that decision.

The Court recognizes that, as Plaintiff stated to both the ALJ and in documentation to the Commissioner, she also suffers from repeated bouts of shingles, hip dislocation and a compromised immune system. Critical to the decision before this Court is the absence of substantial medical evidence in the record that demonstrates that these impairments, even if severe, prevent Plaintiff from performing a limited range of sedentary work.

The Court wishes to acknowledge the difficulties Plaintiff has faced throughout her young life with significant ailments. The Court also wishes to acknowledge Plaintiff's strength and perseverance, especially in earning her Psychology degree. The narrow question before this Court is whether Plaintiff has demonstrated that the ALJ's decision is not supported by substantial evidence. The Court finds that she has not.

4.    The ALJ Properly Assessed Plaintiff's Alleged Symptoms and Limitations

Plaintiff contends that the ALJ erroneously concluded that "the claimant's statements concerning the intensity, persistence, and limiting effects of these symptoms are not entirely consistent with the objective medical and other evidence." (ECF No. 33 at 19-21). The Court cannot agree.

In assessing a claimant's symptoms and their effects, "the ALJ must consider: the objective medical evidence; the claimant's daily activities; the location, duration,

frequency, and intensity of the claimant's symptoms; precipitating and aggravating factors; the type, dosage, effectiveness, and side effects of medication taken to relieve the symptoms; treatment, other than medication, for the symptoms; any other measure used to relieve the symptoms; and any other factors concerning functional limitations and restrictions due to the symptoms. *Robinson v. Acting Comm'r of Soc. Sec.*, 766 Fed. App'x 811, 816 (11th Cir. 2019) (citations omitted). The ALJ must also provide a detailed factual basis for his conclusion, which must be supported by substantial evidence. *Id*. at 816. The ALJ did so here, Tr. 44.

Plaintiff's only argument is that her "allegations have remained remarkably consistent throughout the entirety of the claims process." (ECF No. 33 at 20). The ALJ did not reason that Plaintiff gave inconsistent accounts of her pain or symptoms. Instead, the ALJ focused on the absence of objective clinical findings to support her subjective complaints, as well as Plaintiff's testimony of her daily activities, which include walking, attending school both online and in person, and caring for her pets. Tr. 44. Notably, the more recent medical records that Plaintiff submitted to the Appeals Council, as discussed above, confirm the absence of disabling limitations regarding her liver, right hip and left knee,[7] and Plaintiff consistently reported that her right knee pain was minimal and did not interfere with her activities of daily living.

---

[7] In her Motion, Plaintiff relies upon a Supplemental Pain Questionnaire that she completed in April 2016 wherein she states that sitting causes "pain from keeping knee bent." Tr. 530. This questionnaire does not undermine the ALJ's decision because Plaintiff completed the questionnaire *before* her left knee replacement surgery, which occurred in December 2016. Tr. 975.

In sum, Plaintiff has failed to demonstrate that substantial evidence does not support the ALJ's assessment of Plaintiff's symptoms and its effects.

### C. The Appeals Council Did Not Abuse Its Discretion

Plaintiff argues that the Appeals Council abused its discretion in failing to find that the additional evidence that Plaintiff submitted was not "new and material." (ECF No. 33 at 7-16). Although Plaintiff twice frames the issue this way," (*id*. at 2, 5), she concludes this section of her Motion with a different assertion – that the Appeal Council abused its discretion when it concluded that the additional evidence does not show a reasonable probability that it would change the outcome of the ALJ's decision. (*Id*. at 16). Neither argument has merit.

A claimant may present new evidence at each stage of the administrative process when seeking social security or disability benefits. *See* 20 C.F.R. § 404.900(b); *Hargress v. Soc. Sec. Admin., Comm'r*, 883 F.3d 1302, 1308 (11th Cir. 2018). "If a claimant presents evidence after the ALJ's decision, the Appeals Council must consider it if it is new, material and chronologically relevant." *Hargress*, 883 F.3d at 1309; *see also* 20 C.F.R. § 416.1470(a)(5). If the Appeals Council erroneously fails to consider new evidence, a district court must remand. *Washington v. Soc. Sec. Admin., Comm'r*, 806 F.3d 1317, 1321 (11th Cir. 2015). The claimant must also demonstrate to the Appels Council that there is a "reasonable probability that the additional evidence would change the outcome of the [ALJ's] decision" and provide "good cause" for not submitting the evidence earlier. 20 C.F.R. § 416.1470(a)(5), (b). In denying review, though, the Appeals Council is not required to give a detailed explanation as to why each individual piece of new evidence

submitted fails to change the ALJ's decision. *Mitchell v. Comm'r. of Soc. Sec.*, 771 F.3d 780, 783-84 (11th Cir. 2014).

Here, the Appeals Council did not expressly state that Plaintiff's additional evidence was not new or material. Tr. 2. Instead, it stated that "this evidence does not show a reasonable probability that it would change the outcome of the decision." Tr. 2. This statement indicates that the Appeals Council did not reject Plaintiff's additional evidence because it was not new or material. *See Walker v. Comm'r of Soc. Sec.*, 835 Fed. App'x 538, 543 (11th Cir. 2020) (rejecting argument that Appeals Council refused to review additional evidence that plaintiff submitted, reasoning that "the Appeals Council did not refuse to review this evidence. Instead, it found that the evidence did not show a reasonable probability that it would change the outcome of the decision.") (quotation marks omitted). Moreover, the Appeals Council did not have to explain its conclusion in further detail and, for the reasons previously discussed, the record supports the Appeals Council's determination that Plaintiff's additional evidence does not give rise to a reasonable probability that the outcome of the ALJ's decision would have been different.[8]

For the foregoing reasons, I conclude that the Appeals Council did not abuse its discretion in declining to review the ALJ's decision.

---

[8] As mentioned earlier, the Court reviewed all of the additional medical evidence that Plaintiff, references in her Motion. With respect to the additional medical evidence that is not specifically mentioned in this Report and Recommendation, there is not a reasonable probability that it would alter the ALJ's decision for the reasons discussed above, or because it is duplicative of other medical records submitted to the ALJ.

## IV.     Recommendations

Based on the foregoing, I respectfully recommend that the Court **DENY** Plaintiff's Motion for Summary Judgment, (ECF No. 33), and **GRANT** Defendant's Motion for Summary Judgment (ECF No. 34).

## V.     Objections

**No later than March 29, 2021** the parties may file any written objections to this Report and Recommendation with the Honorable Donald L. Graham, who is obligated to make a *de novo* review of only those factual findings and legal conclusions that are the subject of objections. Only those objected-to factual findings and legal conclusions may be reviewed on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985), *Henley v.* Johnson, 885 F.2d 790, 794 (11th Cir. 1989), 28 U.S.C. § 636(b)(1), 11th Cir. R. 3-1 (2016).

RESPECTFULY RECOMMENDED in chambers at Miami, Florida, this 22nd day of March 2021.

_____
CHRIS McALILEY
UNITED STATES MAGISTRATE JUDGE

cc:  The Honorable Donald L. Graham
     Counsel of record